Michael T. Wise, OSB #925069
MICHAEL WISE & ASSOCIATES, P.C.
800 Jackson Tower
806 S. W. Broadway
Portland, OR 97205
Telephone:    (503) 224-0422
Facsimile:    (503) 546-2200
E-mail: mwise@wiseattorneys.com


David D. Park, OSB #80335
ELLIOTT & PARK
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
Telephone:    (503) 227-1690
Facsimile:    (503) 274-8384
E-mail:   dave@elliott-park.com

        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| LEONARD J. SALANITRO,                     )<br><br>                        Plaintiff,         )<br>                                            )<br>            v.                              )<br>                                            )<br>PATRICK ALTIERE, individually, JAMES        )<br>WHEATON, individually, and WASHINGTON       )<br>COUNTY, an Oregon municipality,             )<br>                                            )<br>                        Defendants.         )<br>_____   ) | Case No. 3:11-cv-1051 SI<br><br>**PLAINTIFF'S MOTIONS IN LIMINE** |

        Plaintiff moves in limine to exclude, limit or admit evidence as requested below.

        Where the motion is to exclude evidence, plaintiff moves for an Order prohibiting


Page 1 - **PLAINTIFF'S MOTIONS IN LIMINE**

defendants, defense counsel and any defense witness from testifying, mentioning, arguing,

alluding to or otherwise bringing to the attention of the jury the evidence so excluded.

## MOTIONS IN LIMINE

1.      Exclude evidence that defendants' decision to contact and arrest Dale Fortune
        "was consistent with the actions of a reasonably trained police officer".

Objections:  FRE 402, 403.  Lack of relevance, confusion of issues and waste of time.

### Argument

The narrative report of defense police practices expert Philip Zerzan, Opinion 1, at p. 4,

states:

> "1.  The decision by Deputies Altiere and Wheaton to contact and arrest Dale
> Fortune for the crime of Criminal Mischief in the Second Degree on September
> 21, 2010 was consistent with the actions of a reasonably trained police officer."

This opinion and the discussion in Mr. Zerzan's report at pages 4 through 6 that follows

is not relevant to any disputed issue in the case.  The parties have stipulated that defendant

Wheaton had probable cause to arrest Mr. Fortune after talking with Mr. Ngo and observing the

damage to the door of Mr. Ngo's truck.  *See*, Stipulated Facts.  The relevant issue regarding

defendants' contact with Dale Fortune is whether, in the absence of a warrant, defendants could

enter the Fortune residence to effect his arrest.   The lawfulness of the entry is determined by the

jury's resolution of disputed facts that determines whether the so-called "threshold" exception to

the warrant requirement applies.  Expert testimony, opinion or otherwise, is unnecessary and

unhelpful to the jury's resolution of these disputed facts.

2.      Exclude evidence of the appropriateness or reasonableness of the defendants' use
        of force against Dale and Sue Ann Fortune.

Objections:  FRE 402, 403 and 404.  Lack of relevance, confusion of issues and improper

character evidence.

## Argument

The narrative report of defense police practices expert Philip Zerzan, Opinion 2, at p. 7, states:

> "The use of force by Deputies Wheaton and Altiere during the arrest of Dale Fortune were consistent with the actions of a reasonably trained police officer."

Thereafter, on pp 7-10 of the report, Mr. Zerzan discusses in detail each use of force defendants used against Dale Fortune and Sue Ann Fortune opining that those events are reasonable and consistent with their training based upon the version of the facts he has chosen to adopt. None of this testimony is relevant to any issue in this case. No claim is asserted on behalf of either Dale Fortune or Sue Ann Fortune. The sole purpose of such evidence is to suggest that if defendants' use of force against these witnesses is reasonable, then defendants were also reasonable in their uses of force against plaintiff. In other words, defendants propose to submit character evidence in the form of other lawful acts to suggest to the jury that their acts towards plaintiff were also lawful or reasonable. This is wholly improper use of character evidence under FRE 404.

3. <u>Exclude expert opinion testimony that defendant Altiere's use of deadly force was "consistent with the actions of a reasonably trained police officer" "justified", "legal", "reasonable", "objectively reasonable", "constitutional" or otherwise phrased to express a legal opinion and/or parrot the jury instructions the court will give.</u>

Objections: FRE 402, 403, 701, 702. Defense police practices expert, Philip Zerzan, proposes to testify to the following opinion:

> "3. The use of deadly physical force by Deputy Altiere to defend himself from what he has described as his perception of the imminent use of deadly physical force on him is consistent with the actions of a reasonably trained police officer."

This opinion is not helpful to the jury.

## Argument

It is the province of the court, not the expert witness, to determine what the law is and it is the province of the jury, not the expert witness, to apply the facts to the law.  Testimony from an expert witness in the form of a legal conclusion, therefore, is improper.  In *Peterson v. City of Plymouth*, 60 F3d 469 (8th Cir 1995) the Eighth Circuit held that it was an abuse of discretion and reversible error for the district court to permit a defense 'police practices expert' to testify as to his opinions of the reasonableness of the defendants' conduct in light of Fourth Amendment standards. Therefore, all opinions, expert or otherwise, phrased or framed in terms of whether defendants' actions met the applicable legal standard are improper and should be excluded.

FRE 702 allows expert testimony if specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue. "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702."  *Mukhtar v. Cal. State Univ., Hayward*, 299 F3d 1053, 1066 n. 7 (9th Cir 2002).   The advisory committee commentary to FRE 704 states, in pertinent part:

> "The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions.  Under Rule 701 and 702, opinions must be helpful to the trier of fact, [and under Rule 403 they must not unfairly prejudice, confuse or delay the proceedings.] These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the matter of the oath-helpers of an earlier day. . ."  McCormick, § 12, quoted in Kirkpatrick, *Oregon Evidence*, Fifth Edition, § 704.02, p. 632 (2007).

An opinion which simply tells the jury what result to reach does not satisfy the 'helpfulness' condition of admissibility under FRE 702.  *United States v. Schatzle*, 901 F2d 252, 257 (2nd Cir 1990)(affirming trial court's exclusion of expert testimony that the force used by

Officer Schatzle to effect an arrest was "reasonable", "because the jury was capable of assessing the reasonableness of Schatzle's conduct on its own"). "Expert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand." *SEC v. Lipson*, 46 FSupp2d 758, 763 (N D Ill 1998). If the jury can reach an issue without technical or specialized assistance and is capable of drawing its own inferences from the available evidence, expert testimony on that issue is not necessary or appropriate. In those situations "the risk of unfair prejudice is real. By appearing to put the expert's stamp of approval on the defendant's theory, such testimony might unduly influence the jury's own assessments of the inference that is being urged." *United States v. Gonzalez-Maldonado*, 115 F3d. 9, 17-18 (1st Cir. 1997).

Whether the force used in a given case is "objectively reasonable" – whether such force meets or exceeds legal/Fourth Amendment standard for liability – is a fact determination which jurors, after hearing all of the evidence, are in as good a position to make as any expert witness. *Hutchison v. Cutliffe*, 344 FSupp2d 219, 222 (D Me 2004)(excluding police practices expert testimony about the reasonableness of the force applied because "once a jury decides which set of facts it believes, it will be within their ability as lay persons to decide whether the use of force was reasonable or not."); *Thompson v. City of Chicago*, 472 F3d 444, 457-458 (7th Cir 2006) (affirming exclusion of expert testimony whether officer's conduct was excessive force, observing: "The jury, after having heard all of the evidence presented, was in as good a position as the experts to judge whether the force used by the officers to subdue Thompson was objectively reasonable given the circumstances in this case").

In the present case, the testimony of a police practices expert that defendant Altiere acted as a "reasonably trained officer" or "reasonably" or "appropriately" when he shot the plaintiff is

unhelpful and unnecessary to the jury's resolution of the central factual disputes bearing on the

reasonableness of defendant's use of deadly force:  Was defendant Altiere struck in the head at

all and, if so, by whom and with what object?  Did plaintiff physically attack defendant Altiere?

Did defendant Altiere shoot without regard to whether the person he was shooting was the actual

threat which had struck him *from behind*?  Jurors do not need the assistance of an expert witness

to decide what defendant Altiere's perceptions were, whether those perceptions were reasonable

and whether he acted reasonably upon them.  Whether defendant acted in self defense and

whether the actions defendant chose to take in his own defense were reasonable are matters that

are within the knowledge of the average juror and which jurors are fully capable of resolving

without expert testimony.

4. <u>Exclude expert and lay opinion offered or framed in a manner commenting upon or bolstering the credibility of another witness including, but not limited to testimony  that defendants' perceptions of what occurred or how it occurred, the presence of danger to themselves or others, or the imminence or immediacy of such danger were "accurate" or "reasonable" or that reasonably trained officers should or would reach the same conclusions as defendants.</u>

Objections:  FRE 402, 403, 602, 701, 702.  The evidence is not relevant and highly

speculative, is unfairly prejudicial and likely to confuse or mislead the jury, and is not the proper

subject for lay or expert opinion.

**Argument**

Witnesses are not permitted to testify specifically about another witness's credibility or to

testify in such a manner as to "improperly buttress" a witness's credibility.   *See, e.g., United*

*States v. Binder*, 769 F2d 595, 602 (9th Cir 1985) (because credibility is an issue for jury,

psychiatric experts may not testify specifically as to credibility or buttress credibility improperly),

*overruled on other grounds, U.S. v. Morales*, 108 F3d 1031, 1035 n. 1 (9th Cir 1997); *United States v. Awkard*, 597 F2d 667, 671 (9th Cir 1979) (error to permit an expert to testify to the ability of a witness to recall a stabbing); *Nimely v. City of New York*, 414 F3d 381, (2nd Cir 2005) (error to admit expert testimony that shooting officers "misperceived" the suspect turning towards them).   The fallibility of human perception is generally considered to be within the ken of the average juror. *United States v. Christopher*, 833 F2d 1296, 1299-1300 (9th Cir 1987) (affirming exclusion of expert testimony regarding fallibility of eye witnesses).

The expert reports of Philip Zerzan and Gaylen Warren contain numerous objectionable statements and opinions, identified below, commenting on the accuracy or correctness of the perceptions of defendants and/or the consistency of one witness's testimony with that of another witness.  Plaintiff moves to exclude all such statements.  Plaintiff reserves the right to identify additional specific statements for exclusion after receiving Defendants' Witness List and requests that the court caution defense counsel not to elicit such improper testimony from their witnesses at trial.

Philip Zerzan Statements:

- "*The correctness of [Deputy Wheaton's] decision to arrest Dale Fortune* for this crime *was affirmed by a guilty finding* by the Honorable Suzanne M. Upton in Washington County Circuit Court on November 2, 2011." Zerzan Report, p. 6, ¶ "l".

- "*The decision by Deputy Altiere to use deadly physical force* on Leonard Salanitro *was made in a tense, dynamic and rapidly evolving situation*." Zerzan Report, p.10, ¶ "2.   This statement constitutes mere argument of the facts and is not helpful to the jury nor a proper subject of lay or expert opinion.

- "Although *Salanitro has limited memory regarding his specific actions . . .*" " Zerzan Report, p.10, ¶ "b".

- "*These variations [among witness accounts of the event] are consistent with a tense, dynamic and rapidly evolving struggle* occurring in an artificially illuminated and confined space.  They do not detract from the circumstances and perceptions that Deputy Altiere was faced with when he made the decision to use deadly physical force after receiving a blow he described as disorienting, while assisting with a resisting suspect and the interference of at least two other persons."  "  Zerzan Report, p.11, ¶ "i".   [Mere argument of the facts, not helpful to the jury nor a proper subject of lay or expert opinion.]

- "In this case, a distance of between 3 to 7 feet between Salanitro and the muzzle, at the time of the firearm discharged, *is not inconsistent with the perception and decision to pull the trigger by Deputy Altiere*, and *merely reflects the changing dynamics in a tense and rapidly evolving deadly force encounter*."  Zerzan Report, p.14, ¶ "e" .

- "*Deputy Altiere remembers* that he was on all fours . . ."; "*Deputy Altiere recalls* that Leonard Salanitro was immediately in front of him . . ."   Zerzan Report, p.13, ¶ "b".

- "The reports and different witness statement [sic] vary.  *Some these [sic] variances are significant and others are reflective of different perception*. . . ."  This introduction at the bottom of page 14 of the Zerzan Report, and all paragraphs that follow it on page 15, comment on the accuracy of the various witness perceptions, provide unhelpful argument of the facts or include opinions on matters outside the scope of this witness's expertise, see MIL No. 4, below.

Gaylen Warren Statements:

- "Jayme Fortune's statement in his transcribed jail telephone conversation is consistent with Altiere's above statement."  Warren Report, p. 10

- "Deputy Altiere's statements and Jayme Fortune's statements are consistent in the shooting details." Warren Report, p. 11

5.    Exclude testimony of defense experts outside their areas of expertise.

Objections:     FRE 402, 403, 602, 701, 702.  The evidence is not relevant and highly speculative, is unfairly prejudicial and likely to confuse or mislead the jury, and is not the proper subject for lay or expert opinion.

/ / /

## Argument

A witness's qualifications must relate to the opinion he is espousing. *United States v. Chang*, 207 F3d 1169, 1173 (9th Cir 2000). Simply because a witness qualifies as an expert with respect to certain matters, it by no means follows that he is qualified to express expert opinions as to other fields. *Nimely v. City of New York*, 414 F3d 381, 399 n. 13 (2nd Cir 2005).

Per his CV, Mr. Zerzan lacks the requisite professional qualifications in psychology and behavioral science to testify concerning (1) the speed in seconds within which an 'average officer' can draw and make a decision to shoot and fire a single round from a holstered weapon (Report, p.14, ¶ "d") and (2) the concepts of "tunnel vision", "sensory perception", "auditory exclusion", memory and recall (Report, pp. 14-15). Mr. Zerzan should be precluded from testifying about or applying any of this subject matter.

6. <u>Exclude testimony that Washington County Use of Force Policies and General Orders accurately state, follow or are modeled after the law of the land.</u>

Objections:   FRE 402, 403, 701, 702. Such evidence is not relevant, is unfairly prejudicial and likely to confuse or mislead the jury as to the correct legal standard and, depending on context, may state an improper legal conclusion.

7. <u>Exclude evidence of the personal financial circumstances of defendants Altiere or Wheaton.</u>

Objection:  FRE 402. Lack of Relevance.

## Argument

Defendants are owed an obligation of indemnification by Washington County for any judgment which may be entered against them in this proceeding. ORS 30.265(1), 30.285 and 30.287.   The fact of this statutory indemnification renders the personal financial circumstances

of any defendant irrelevant.  *Mathie v. Fries*, 121 F3d 808, 816 (2d Cir 1997); *Lawson v. Trowbridge* 153 F3d 368, 379-380 (7th Cir 1998) (finding an abuse of discretion to admit testimony by officer concerning his personal financial circumstances where Wisconsin statute provided for complete indemnification).

8.  <u>Exclude evidence and argument that a verdict for plaintiff would be a burden on the taxpayers of Washington County and testimony in any form commenting upon any defendant's ability to pay.</u>

Objections:    FRE 402, lack of relevance;  FRE 403, may tend to incite prejudice and influence the return of the verdict on an improper basis.

9.  <u>Exclude evidence that either of the defendants suffered emotional distress, sleeplessness, upset or worry or lost time from work as a result of this incident or that a verdict in favor of plaintiff would have a negative impact on defendants' families or careers.</u>

Objections:  FRE 402, lack of relevance; FRE 403, may tend to incite sympathy and influence the return of the verdict on an improper basis.

10.  <u>Exclude evidence of reasons defendants became law enforcement officers.</u>

Objections: FRE 402, not relevant;  FRE 404, improper character evidence.

11.  <u>Exclude evidence that defendants received awards or commendations during the terms of their employment.</u>

Objections:  FRE 402, 403, 404, 802.  Lack of relevance, unfair prejudice and confusion of issues, improper character evidence, hearsay.

## Argument

Plaintiff anticipates that defendants may seek to introduce evidence of or testimony related to commendations and awards to establish their character for truthfulness.  It is not unusual for law enforcement officers who have served for several years to receive

commendations and awards for a variety of reasons. This type of evidence is inadmissible.

The admissibility of this type of evidence was carefully analyzed in *United v. Brown*, 503 FSupp2d 239 (D.C. 2007), in which the defendants, police officers, were charged with obstruction and making false statements.  In the pre-trial order the court ruled that commendations were neither opinion nor reputation and therefore inadmissible for purposes of establishing defendants' character.[1]  Similarly, in *United States v. Barry*, 814 F2d 1400 (9th Cir. 1987), the defendant, a lieutenant in a Navy security unit, was not permitted to admit as evidence two letters of commendation he had received.  In *United States v. Nazzaro*, 889 F2d 1158 (1st Cir. 1989), the defendant, a police officer, attempted to "offer into evidence his resume and other anecdotal proof of commendations received by him in military service and as a police officer. He also sought to show that a medal was bestowed upon him for special valor." *Id.* at 1168. This attempt was properly rejected because the evidence did not fall within the scope of FRE 404(a)(1). Moreover, the proffered evidence was "classic hearsay" *Id* at 1168, and therefore inadmissible on those grounds also. *See, United States v. Washington*, 106 F3d 983 (D.C. Cir. 1997), (commendations not admissible under FRE. 404(a)(1), 405(a) or 405(b).

12.    Exclude undisclosed prior bad acts of plaintiff's witnesses.

Objections:  FRE 402, 403 and 404.  Lack of relevance, unfair prejudice, confusion of issues, improper character evidence.

---

[1]**Rule 405. Methods of Proving Character.**
**(a) Reputation or opinion**.--In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

**Argument**

Under FRE 403, evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues. *Blancha v. Raymark Industries*, 972 F2d 507 (3rd Cir. 1992) (*citing United States v. Dennis,* 625 F2d 782, 797 (8th Cir.1980)).

Plaintiff cannot entirely conceive of all possible theories or approaches that defense counsel may make in an attempt to attack the character of Leonard Salanitro or his witnesses. Because federal civil trials are not trials by ambush, plaintiff moves *in limine* generally against all such evidence and demands that, prior to bringing any such evidence to the attention of the jury, defendants identify and make an offer of proof concerning any bad acts or character evidence that defendants intend to bring forth.  Plaintiff specifically moves against any implications, innuendo, or other "dirt" defense counsel may throw against plaintiff and plaintiff's witnesses designed to insinuate use of controlled substances or "issues" or prior "run-ins" with the police generally.  Trial is not a time for fishing expeditions or scurrilous innuendo.

13.    Exclude evidence of plaintiff Leonard Salanitro's failure to pay child support.

Objections:  FRE 402, 403 and 404.  Lack of relevance, unfair prejudice, confusion of issues, improper character evidence.

14.    Exclude evidence that plaintiff Leonard Salanitro's California driver's license is or has been suspended at any time for any reason.

Objections:  FRE 402, 403, 404, 608 and 609.  Lack of relevance, unfair prejudice, confusion of issues, improper character evidence and inadmissible impeachment evidence.

/ / /

15.   Exclude evidence that plaintiff Leonard Salanitro has not filed personal tax returns in recent years.

Objections:  FRE 402, 403.  Lack of relevance, unfair prejudice and confusion of issues.

16.   Exclude evidence of the criminal convictions of Dale and Sue Ann Fortune arising out of their arrest by defendants Wheaton and Altiere on September 21, 2010.

Objections:  FRE 402, 403 and 609.  Lack of relevance, unfair prejudice, confusion of issues and inadmissible impeachment evidence.

## Argument

In connection with the incident that gave rise to this lawsuit, witness Dale Fortune was convicted upon a trial to the court, of Criminal Mischief 2 (ORS 164.354) with regard to his kicking of his neighbor's vehicle, Resisting Arrest (ORS 162.315) and Attempted Assault of a Public Safety Officer (ORS 163.208/ORS 161.405), all misdemeanors.  Witness Sue Ann Fortune was convicted on a plea of No Contest to Interfering with a Peace Officer (ORS 162.247), a misdemeanor.  None of these offenses involve elements of dishonesty or false statement.  Therefore, none of these convictions are admissible under FRE 609 for the purpose of attacking the character of these witnesses for truthfulness.  Evidence of these convictions is not relevant to any other material fact in dispute.

Moreover, admission of such evidence is likely to cause unfair prejudice to the plaintiff by its tendency to suggest that the behavior of the defendants towards these witnesses that is at issue in this case - the lawfulness of the entry into the Fortune residence –  has already been decided adversely to plaintiff.

/ / /

/ / /

Page 13 - **PLAINTIFF'S MOTIONS IN LIMINE**

17.    Exclude evidence of any professional education or training received by the defendants after September 21, 2010.

Objections:  FRE 402, 403.  Lack of relevance and confusion of issues.

18.    Exclude evidence of any change in or addition to Washington County Sheriff's Department policies or procedures occurring after September 21, 2010.

Objections:  FRE 402, 403.  Lack of relevance and confusion of issues.

19.    Request for limiting instruction regarding evidence of information allegedly known to Wheaton, but unknown to defendant Altiere at the time Altiere used deadly force.

Objections:   In the absence of a limiting instruction given at the commencement of the

case and, again, at the time defendant Wheaton takes the witness stand, such evidence is not

relevant, FRE 402, and is unfairly prejudicial and likely to confuse or mislead the jury. FRE 403.

## Argument

In the present case, defendant Wheaton will testify to observations about plaintiff

Salanitro's actions that were unknown to defendant Altiere at the moment Altiere used deadly

force against Salanitro.  Wheaton's knowledge is irrelevant to the jury's assessment of the

reasonableness of the force used by defendant Altiere.

The reasonableness of a particular use of force is "judged from the perspective of a

reasonable officer on the scene, rather than with the 20/20 vision of hindsight".  *Graham v.*

*Connor,* 490 US 386, 396 (1989).  Citing *Graham*, the Ninth Circuit has observed that, in

determining the objective reasonableness of a use of force, the trier of fact "cannot consider

evidence of which the officers were unaware – the prohibition against evaluating officers' actions

'with the 20/20 vision of hindsight' cuts both ways",  *Glenn v. Washington County*, 673 F3d 864,

873, n. 8 (9th Cir 2011).

Page 14 - **PLAINTIFF'S MOTIONS IN LIMINE**

A proposed form of limiting instruction is attached hereto as Exhibit "A".

DATED:  January 17, 2013

> Respectfully submitted,
>
>
> /s/ David D. Park
> David D. Park, OSB #80335
> Michael T. Wise, OSB #925069
> Attorneys for Plaintiff

## EXHIBIT "A"

Plaintiff requests that the court give the following limiting instruction to the jury prior to the commencement of opening statements and, again, immediately prior to the receipt of testimony from any witness regarding defendant Wheaton's observations of plaintiff's actions immediately prior to the shooting, and again in its instructions to the jury prior to their deliberations, concerning the role of evidence of information not directly available and known to defendant Altiere at the time of his use of deadly force:

## REQUESTED LIMITING INSTRUCTION

You will be presented from time to time during the course of this trial with evidence of the actions of Leonard Salanitro immediately prior to the shooting that were unknown to Deputy Patrick Altiere at the time he used deadly force on plaintiff.

This evidence is being admitted on the issue of whether there was probable cause to subject Leonard Salanitro to custody following the shooting and may be considered by you solely for that purpose.   You must judge the reasonableness of defendant Altiere's use of deadly force against plaintiff from the perspective of a reasonable officer on the scene based only on the information known and available to him at the time.